*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-0874**

IN RE LOUIS B. ANTONACCI,
                            Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration No. 993978**                    **DDN: 2025-D108**

BEFORE:    Easterly and Shanker, Associate Judges, and Washington, Senior Judge.

## O R D E R
(FILED – February 26, 2026)

On consideration of the judgment from the Circuit Court for the City of Alexandria, Virginia, suspending respondent from the practice of law for one year and two days; this court's October 27, 2025, order suspending respondent pending this matter's resolution and directing him to show cause why reciprocal discipline should not be imposed; respondent's response; the statement of Disciplinary Counsel requesting the reinstatement condition that respondent first be reinstated in Virginia or, alternatively, the substantially different discipline of a one-year and two-day suspension with a fitness requirement; and respondent's motion to stay this matter pending the outcome of a petition for a writ of certiorari filed with the U.S. Supreme Court; and it appearing that the Supreme Court has denied the petition; and it further appearing that respondent has not filed a D.C. Bar. R. XI, § 14(g) affidavit, it is

ORDERED that respondent's motion to stay is denied as moot.  It is

FURTHER ORDERED that Louis B. Antonacci is hereby suspended from the practice of law in the District of Columbia for one year and two days with a fitness requirement.  *See In re Williams*, 3 A.3d 1179, 1185 (D.C. 2010) (explaining that where the originating jurisdiction did not impose a fitness requirement, such request constitutes substantially different discipline and Disciplinary Counsel must establish that there is "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law"); *see also In re Peters*, 149 A.3d 253, 260 (D.C. 2016) (per curiam) ("An attorney's lack of remorse . . . [and] evidence of

questionable conduct in the course of disciplinary proceedings may tip the balance toward imposition of a fitness requirement." (internal quotation marks omitted)). In opposing reciprocal discipline, respondent demonstrates a clear lack of remorse—he attacks the Virginia decision, attempts to relitigate the facts, and asserts that he did not commit any misconduct. However, "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003). Further, although he claims that the Virginia proceedings violated his due process rights, he received notice and participated throughout the proceedings. *See In re Diviacchi*, 308 A.3d 1194, 1199 (D.C. 2024) ("[A]n attorney has a right to procedural due process in a disciplinary procedure, which is afforded when the disciplinary proceeding provides adequate notice and a meaningful opportunity to be heard." (internal quotation marks omitted)). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**